**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:13-CV-000652-DSC**

| | |
|---|---|
| **FRANK LOCICERO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **LOWES FOODS, LLC AND** | ) |
| **ALEX LEE, INC.,** | ) |
| **Defendants.** | ) |

## CONSENT PROTECTIVE ORDER

This matter is before the Court upon joint stipulation of the parties, Frank Locicero (hereafter "Locicero" or "Plaintiff") and Defendants Lowes Foods, LLC and Alex Lee, Inc. (hereafter "Defendants"), for a protective order. Pursuant to the consent of the parties, this Protective Order governing certain records, documents and information should be entered in this matter for the reason that one or both parties assert that this information is confidential, sensitive and/or proprietary.

The Parties therefore stipulate that:

1. "Confidential" as used herein refers to any personnel or business records, documents, or any other confidential or personnel-related information, however described, regarding Defendants' current and/or former employees or job applicants, Defendants' business, commercial, proprietary and financial information, its internal policies and procedures, Plaintiff's medical records (whether produced by Plaintiff or by Plaintiff's medical providers in response to a request and release from Defendant), the parties' tax records, and any other confidential agreements or materials the parties may have. Copies of any such information

which a party contends is confidential may be stamped "CONFIDENTIAL" and/or be identified as "CONFIDENTIAL" or subject to a protective order in response to discovery requests. Such information shall be designated as CONFIDENTIAL only upon a good faith belief that the information falls within this definition.

2. All information in whatever form subject to this Protective Order, shall be used by the receiving party only in connection with the above-referenced action, *Frank Locicero v Lowes Foods, LLC and Alex Lee, Inc.*, which is pending in the United States District Court for the Western District of North Carolina, and shall not be used in connection with any other lawsuit or for any other purpose whatsoever and shall not be disclosed to, or used by, any person other than those identified hereafter under the conditions and limitations described herein.

3. All information subject to this Protective Order shall be revealed only as follows:

(a) To the Court as described herein;

(b) Attorneys of record for the parties in this litigation, in-house counsel for those parties which are legal entities, insurance adjusters assigned to this case by an insurance company that may be obligated in whole or in part to pay for the defense, settlement and/or judgment in this case, and employees or independent contractors (i.e. contract lawyers, document imaging and electronic discovery companies, computer forensic companies, litigation support companies, and others) of such attorneys of record, who are operating under the direct supervision of attorneys of record, and/or in-house counsel to whom it is necessary that the Confidential Material be shown for purposes of this litigation;

(c) Each party to this case or, where the party is a legal entity, such party's representatives;

(d) To court reporters and/or videographers, and support personnel of such court reporters, retained in connection with depositions taken;

(e) Any witness or deponent (solely for the purposes of his/her deposition or preparation for that deposition) if such information is reasonably likely to be relevant to the deposition and the witness or deponent agrees to the terms of this Order;

(f) To law clerks, paralegals, legal assistants, stenographic and clerical

                employees of counsel referred to in Paragraph 3(b), who have agreed to abide by the terms of this Order and who are operating under the direct supervision of counsel;

        (g)     To any person who is indicated, on the face of a document containing such information, to be the author or recipient of such document, or who, during a deposition, is established as knowledgeable of the contents of such document;

        (h)     To independent experts working on behalf of a party for the purposes of this litigation who have agreed to abide by the terms of this Order; and

        (i)     Any person designated as a mediator by Court order or by agreement of the parties.

4. Each person examining the information subject to this Protective Order, or to whom any of the contents thereof are disseminated, hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order. No person shall be allowed to disclose, other than as provided in paragraph 3, by any means whatsoever, any such information or any notes arising therefrom until the person to whom disclosure is to be made has:

        (a)     Read this Order in its entirety; and

        (b)     Signed and dated a copy of this Order signifying his/her agreement to its provisions and consent to the jurisdiction of the Court over his/her improper disclosure.

5. No person who examines any information produced pursuant to this Order shall disseminate orally, in writing, or by any other means any such information to any other person not also authorized to examine information under the terms of this Order. Failure to abide by this provision may lead to sanctions, up to and including dismissal of this lawsuit with prejudice, or the striking of pleadings.

6. The production of any information subject to this Protective Order shall not constitute a waiver of a party's right to claim in this lawsuit or hereafter that said information is

privileged and/or otherwise non-discoverable or inadmissible as evidence in this lawsuit.

7. Nothing in this Protective Order shall limit the parties' ability to use or disclose any documents or information in the ordinary course of business.

8. Nothing in this Protective Order shall limit the parties' ability to use any documents or information designated CONFIDENTIAL at trial in this action, and both parties reserve their right to seek further protection from the Court regarding the use of confidential information at trial.

9. Nothing in this Protective Order shall be construed to require any party to notify or obtain permission from the other party before introducing materials designated as CONFIDENTIAL at trial or examining witnesses about materials designated privileged or CONFIDENTIAL during depositions or at trial, beyond the notice required by the Federal Rules of Civil Procedure, Local Rules, or order of the Court.

10. Documents or information which have been labeled CONFIDENTIAL by either party shall, if filed as an attachment to any filing in this action via the Court's ECF system, be filed under seal, with access limited to parties and attorneys of record in the matter. The parties are granted leave to file confidential materials and memoranda discussing confidential materials under seal for consideration by the Court.

11. If a party objects to a CONFIDENTIAL designation under this Order, the objecting party shall notify the disclosing party in writing. The party designating the material objected to as protected shall then have the burden of demonstrating the basis for such designation. Within ten (10) business days of the receipt of such written notice, or at such other time as agreed upon by counsel for the parties, counsel for the disclosing party and the objecting party shall meet-and-confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the objecting party may apply to the Court for a ruling on the disclosing

party's designation of CONFIDENTIAL, and the disclosing party will continue to bear the burden of proving that the materials at issue are entitled to Confidential status. While any such application is pending, the documents or materials subject to that application will remain Confidential until the Court rules. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

12. All information designated as confidential shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that any challenged information shall not be covered by the terms of this Order and all proceedings and appeals challenging such decision have been concluded.

13. Upon request, no later than thirty (30) days after this Court (or subsequent appellate court, whichever is later) enters a final order in this action, each party shall retrieve all copies of materials designated "Confidential" from her or its own files, and from experts or other persons to whom she or it has provided such materials consistent with this Protective Order, and shall do one of the following: (1) return the materials, including all copies thereof, to the producing party; (2) certify in writing to the producing party that all such material has been destroyed; or (3) certify in writing to the producing party that all such material has been retained only by the attorneys appearing in this action and has been segregated from the other information and used for no purposes other than to preserve a record of this litigation.

14. This Order shall create the same legal rights and obligations as an order entered by the Court.

15. The ultimate disposition of protected materials are subject to a final order of the Court on the completion of this litigation.

Agreed and Stipulated to this the 17th day of June, 2014.

| | |
|---|---|
| s/Julie H. Fosbinder | /s/ Meredith A. Pinson |
| N.C. Bar No. 19400 | Kimberly Q. Cacheris (N.C. Bar No. 20087) |
| *Attorney for Plaintiff* | kcacheris@mcguirewoods.com |
| 501 E. Morehead Street, Suite 1 | Meredith A. Pinson (N.C. Bar No. 39990) |
| Charlotte, NC 28202 | mpinson@mcguirewoods.com |
| Telephone: (704) 333.1428 | McGuireWoods LLP |
| Fax: (704) 333.1431 | 201 North Tryon Street, Suite 3000 |
| E-mail: julie@charlotteemploymentlaw.com | Charlotte, North Carolina 28202 |
| | 704.373.8954 |
| | 704.373.8825 (Facsimile) |
| | ATTORNEYS FOR DEFENDANTS |

**SO ORDERED.**

_____
David S. Cayer
United States Magistrate Judge